

FILED

2012 MAY 25  AM 10: 03

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR RODRIGUEZ, an individual,<br><br>　　　　　　　　　　　　Plaintiff,<br>vs.<br><br>WELLS FARGO BANK, National Association; JUDITH ODEM; DESIREE LITTLE; and DOES 1-50, inclusive,<br><br>　　　　　　　　　　　　Defendants. | CASE NO. 12-cv-469 – BEN (BGS)<br><br>**ORDER:**<br><br>**(1) REMANDING ACTION TO STATE COURT; and**<br><br>**(2) DENYING AS MOOT MOTION TO DISMISS, [Doc. No. 3].** |

　　On February 24, 2012, Defendants Wells Fargo Bank, Desiree Little, and Judith Odem removed this action, alleging this Court had original jurisdiction under 28 U.S.C. § 1332, based on complete diversity among the parties. On March 9, 2012, the Court issued an Order to Show Cause why this action should not be remanded for lack of subject matter jurisdiction. [Doc. No. 4.] Defendants responded to the Court's Order to Show Cause on March 16, 2012. Plaintiff filed a reply to Defendants' response on April 2, 2012. Having considered the parties' arguments, and for the reasons set forth below, the Court concludes that complete diversity is lacking in this case, and therefore no diversity jurisdiction exists. Accordingly, the Court **REMANDS** this action to state court. In light of the foregoing, Defendants' Motion to Dismiss is **DENIED AS MOOT**.

///

## BACKGROUND

Plaintiff filed this action in the Superior Court for the County of San Diego on January 25, 2012. [Doc. No. 1-1.] Plaintiff's complaint alleges seven causes of action against Defendants, all arising under California law. Plaintiff's complaint does not allege any federal causes of action. On February 24, 2012, Defendants removed the action to this Court on the basis of diversity jurisdiction. [Doc. No. 1.] On March 1, 2012, Defendants filed a motion to dismiss. Plaintiff filed an opposition to the motion to dismiss, and Defendants replied. On April 3, 2012, the Court took Defendants' motion to dismiss under submission pursuant to Civil Local Rule 7.1(d)(1).

On March 9, 2012, the Court issued an Order to Show Cause why this action should not be remanded for lack of subject matter jurisdiction. [Doc. No. 4.] Defendants responded to the Court's order on March 16, 2012. Plaintiff filed a reply to Defendants' response on April 2, 2012.

## LEGAL STANDARD

Unless otherwise provided, a civil action filed in state court may be removed to a federal district court if that court has original jurisdiction based on either "diversity of citizenship" or a "federal question." *See* 28 U.S.C. § 1441(a); *see also* 28 U.S.C. §§ 1331, 1332. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam). As a result, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (citations omitted); *see also Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006) (per curiam).

## DISCUSSION

Defendants removed this action on the basis of diversity jurisdiction. "Jurisdiction founded on [diversity] requires that the parties be in complete diversity and the amount in controversy exceed $75,000." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (per curiam); *see also* 28 U.S.C. § 1332(a). For complete diversity to be present, all plaintiffs must have citizenship different from all defendants. *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 n.3 (1996).

In this case, the jurisdictional amount is met. "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977). Here, the object of the litigation is a loan in the amount of $226,000. (*See* Compl., at 2 [Doc. No. 1-1].) Accordingly, the amount in controversy substantially exceeds $75,000, exclusive of interest and costs.

As for the parties' citizenships, it is undisputed that Plaintiff is a citizen of California and that Defendants Judith Odem and Desiree Little are citizens of Iowa and Arizona, respectively. (*See* Notice of Removal, at 2-4; Compl. ¶¶ 1, 3-4.) It is also undisputed that Defendant Wells Fargo Bank, N.A., a national banking association, has its main office in South Dakota, (Notice of Removal, at 3), and therefore is a citizen of that state. *See Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006). The sole question before the Court is whether Wells Fargo is *also* a citizen of California, where it has its principal place of business.[1] *See, e.g., Uriarte v. Wells Fargo Bank, N.A.*, No. 11-cv-2082–IEG (WVG), 2011 WL 5295285, at *9 (S.D. Cal. Nov. 3, 2011) (holding that Wells Fargo is also a citizen of California, where it has its principal place of business); *Saberi v. Wells Fargo Home Mortg.*, No. 10CV1985 DMS (BGS), 2011 WL 197860, at *3 (S.D. Cal. Jan. 20, 2011) (same). If Wells Fargo is also a citizen of California, then complete diversity is lacking and the case must be remanded.

To determine whether Wells Fargo is also a citizen of California, the Court looks to the statute governing the citizenship of national banking associations. *See* 28 U.S.C. § 1348. Section 1348 provides that "[a]ll national banking associations shall, for the purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively located." Most recently, the Supreme Court construed the word "located" in *Wachovia Bank v. Schmidt*, 546 U.S. 303. In *Schmidt*, the Court rejected an approach that would consider a national banking association a citizen of every state in which it maintains a branch. *Id.* at 307. Rather, the Supreme Court concluded that, for purposes of § 1348, "a national bank . . . is a citizen of the State in which its main office, as set forth in its articles of association, is located." *Id.* The Court, however, left open the possibility that a national bank may also be a citizen of the state in which it has its principal place of business, if such

---

[1] Despite being given an opportunity to do so, Wells Fargo does not contest that its principal place of business is in San Francisco, California.

1  state is different from the state where its main office is located (as is the case with Wells Fargo).[2]

2  The Supreme Court's analysis in *Schmidt* suggests that when a national bank's principal place of business is in a different state than its main office, the national bank is to be considered a citizen of both states. In *Schmidt*, the Court recognized that the word "located" in § 1348 is "not a word of 'enduring rigidity,' but one that gains its precise meaning from context." *Id.* at 307 (internal citation omitted). The Court, therefore, considered the unique historical circumstances giving rise to Congress's adoption of § 1348. In holding that a national bank is not a citizen of every state where it has a branch, the Court relied on the jurisdictional parity that Congress sought to create, starting in 1882, between national banking associations and corporations organized under state law. According to the Court, the Fourth Circuit's approach of considering a national bank to be a citizen of every state in which it has a branch would have created an "anomalous result" by "severely constrict[ing] national banks' access to diversity jurisdiction as compared to corporations generally." *See id.* at 317.

Wells Fargo suggests that the Supreme Court's discussion of jurisdictional parity in *Schmidt* should be read narrowly. Contrary to Wells Fargo's suggestions, however, the Supreme Court has consistently relied on jurisdictional parity in interpreting § 1348. *See, e.g., Leather Mfrs.' Nat'l Bank v. Cooper*, 120 U.S. 778, 780 (1887) (noting that the 1882 revision to § 1348's predecessor was intended "to put national banks on the same footing as the banks of the state where they were located for all the purposes of the jurisdiction of the courts of the United States"); *Petri v. Commercial Nat'l Bank*, 142 U.S. 644, 650-51 (1892) ("No reason is perceived why it should be held that congress intended that national banks should not resort to federal tribunals as other corporations and individual citizens might."); *Mercantile Nat'l Bank at Dallas v. Langdeau*, 371 U.S. 555, 565-66 (1963) (noting

---

[2] Wells Fargo's contention that the Supreme Court in *Schmidt* effectively decided the question against reading the "principal place of business" test into § 1348 is untenable. First, this precise issue was not before the Supreme Court, and therefore the Supreme Court expressly declined to address it. *See Schmidt*, 546 U.S. at 315 n.8 ("Other readings mentioned in Court of Appeals opinions are the bank's principal place of business and the place listed in the bank's organization certificate. Because this issue is not presented by the parties or necessary to today's decision, we express no opinion on it." (internal citations omitted)). Second, if anything, the Supreme Court alluded to the possibility that, to reconcile 28 U.S.C. § 1348, governing national banks, and 28 U.S.C. § 1332(c)(1), governing corporations in general, a national bank might have to be considered a citizen of the state in which its main office is located *and* the state of its principal place of business. *See Schmidt*, 546 U.S. at 317 n.9 ("To achieve complete parity with state banks and other state-incorporated entities, a national banking association would have to be deemed a citizen of both the State of its main office and the State of its principal place of business." (citations omitted)).

that both the 1882 and 1887 revisions "sought to limit, with exceptions, the access of national banks to, and their suability in, the federal courts to the same extent to which non-national banks are so limited"). Accordingly, the Court will apply jurisdictional parity here.

Applying the principle of jurisdictional parity to this case, Wells Fargo must be considered a citizen of California. Pursuant to 28 U.S.C. § 1332(c)(1), a corporation is a citizen of any state by which it has been incorporated *as well as* the state where it has its principal place of business. In *Schmidt*, the Supreme Court concluded that to consider a national bank to be a citizen of every state in which it has a branch would create an "anomalous result" because it would "severely constrict[] national banks' access to diversity jurisdiction as compared to corporations generally." 546 U.S. at 317. Likewise, in this case, accepting Wells Fargo's argument (that a national bank is a citizen of only the state in which it has its main office) would create an opposite "anomalous" result. Whereby any state bank or other corporation is deemed to be a citizen of two states, a national bank would be deemed a citizen of *only* the state where its main office is located. This would allow a national bank access to diversity jurisdiction to a greater extent than a similarly situated state bank or any other corporation. Such outcome would be contrary to the principle of jurisdictional parity underlying Congress's revision of 28 U.S.C. § 1348 and emphasized by the Supreme Court in *Schmidt*.

To avoid such an "anomalous" result, the Court concludes that for purposes of diversity jurisdiction, a national bank is "located" both in the state where it has its main office, *see Schmidt*, 546 U.S. at 318, as well as the state of its principal place of business. *See Uriarte,* 2011 WL 5295285, at *3 ("Accordingly, the Court concludes that for purposes of diversity jurisdiction, a national bank is a citizen of both the state in which its main office is located as well as the state of its principal place of business."); *Saberi*, 2011 WL 197860, at *3 ("Accordingly, for purposes of diversity jurisdiction, Wells Fargo Bank is both a citizen of South Dakota, where it has designated its main office, and California, where it has its principal place of business."); *see also Horton v. Bank One, N.A.*, 387 F.3d 426, 436 (5th Cir. 2004) ("We hold that the definition of 'located' is limited to the national bank's principal place of business and the state listed in its organization certificate and its articles of association."); *Firstar Bank, N.A. v. Faul*, 253 F.3d 982, 994 (7th Cir. 2001) ("Therefore, we hold that for purposes of 28 U.S.C. § 1348 a national bank is 'located' in, and thus a citizen of, the state of its

principal place of business and the state listed in its organization certificate.").

Wells Fargo's arguments to the contrary are not persuasive. Wells Fargo argues that post-*Schmidt*, the majority approach among district courts has been to conclude that a national bank is a citizen of only the state where it has its main office, and *not* the state where it has its principal place of business. While the Court acknowledges that there does exist a split of opinion on this issue, the Court is not persuaded that Wells Fargo's approach garners the majority following among the district courts.[3] Moreover, among the Courts of Appeals, two (and arguably three) Circuits have followed the approach adopted by the Court in this case, while only one Circuit has adopted the contrary approach (and only in a divided opinion).[4] *Compare Horton*, 387 F.3d at 436 (a national bank is a citizen of the state where it has its main office and the state where it has its principal place of business), *and Firstar Bank*, 253 F.3d at 994 (same), *with Wells Fargo Bank, N.A. v. WMR e-PIN, LLC*, 653 F.3d 702, 710 (8th Cir. 2011) ("[W]e reject appellants' claim that Wells Fargo is a citizen of both South Dakota and California . . . ."). Judge Murphy dissented from the Eighth Circuit's decision, indicating that he would have followed the approach of the Fifth and Seventh Circuits. *See WMR*, 653 F.3d at 716-17

---

[3] *See Taheny v. Wells Fargo Bank, N.A.*, No. CIV S-10-2123 LKK/EFB, 2012 WL 1120140, at *1 n.1 (E.D. Cal. Apr. 3, 2012) (listing conflicting decisions issued by district courts within the Ninth Circuit); *Uriarte*, 2011 WL 5295285, at *2 nn.3-4 (same for district courts in California).

The Court is aware of only two decisions out of the Southern District of California that address this issue—both holding that Wells Fargo is a citizen of California, where it has its principal place of business. *See Uriarte*, 2011 WL 5295285, at *9 (Gonzalez, C.J.); *Saberi*, 2011 WL 197860, at *3 (Sabraw, J.) The Court finds both of those decisions persuasive.

[4] The Ninth Circuit arguably resolved this issue in favor of the principal place of business test in *American Surety Company v. Bank of California*, 133 F.2d 160 (9th Cir. 1943). Reasoning that the citizenship of a corporation was "fixed by its principal place of business," the Ninth Circuit held that national banks were citizens only of the "states in which their principal places of business are maintained." *Id.* at 162. As several district courts in the Ninth Circuit have observed, this Court is bound by this controlling authority. *See Uriarte*, 2011 WL 5295285, at *6 ("Wells Fargo has provided little that would persuade the Court to depart from this binding Ninth Circuit authority."); *Guinto v. Wells Fargo Bank*, No. CIV. S-11-372 LKK/GGH, 2011 WL 4738519, at *3 (E.D. Cal. Oct. 5, 2011) (following *American Surety* and holding that a national bank is a citizen of both the state where its main office is located and the state of its principal place of business). Most recently, Judge Karlton in the Eastern District of California provided a detailed analysis of the Ninth Circuit's decision in *American Surety* and how it applied to Wells Fargo's citizenship. *See Taheny*, 2012 WL 1120140, at *3-14. Among other things, Judge Karlton concluded that *American Surety* is reconcilable with the Supreme Court's decision in *Schmidt*, that it was not rendered "obsolete" by any subsequent decision or inaction of the Ninth Circuit, that it was not superceded by any subsequently enacted statute, and therefore was controlling on the issue of Wells Fargo's citizenship. *See id.* The Court finds Judge Karlton's exhaustive analysis on this issue to be persuasive and adopts it in this case.

(Murphy, J., dissenting) ("I would hold that national banks are citizens of the state where their principal place of business is located in addition to the state in which their main office is located.").

Wells Fargo also argues that post-*Schmidt* legislation, *see* Financial Services Regulatory Relief Act of 2006, Pub. L. No. 109-351, 120 Stat. 1966, and the Supreme Court's decision in *Hertz v. Friend*, 130 S. Ct. 1181 (2010), disfavor inclusion of the principal place of business test into § 1348. Neither of these arguments is remotely persuasive. *See Uriarte*, 2011 WL 5295285, at *7-8 (addressing and rejecting these exact arguments). Similarly, Wells Fargo argues that the corporate citizenship rule of 28 U.S.C. § 1332(c)(1) should be applied only to corporations. Detrimental to Wells Fargo's argument, however, is the fact that a national bank *is* a corporation—just a federally charted one. *See Schmidt*, 546 U.S. at 306 (explaining that national banks are "corporate entities chartered not by any State, but by the Comptroller of the Currency of the U.S. Treasury"). Accordingly, "there is no reason not to apply the corporate citizenship rule to a national bank just as it would apply to a state bank." *See Uriarte*, 2011 WL 5295285, at *9.

Wells Fargo's remaining arguments are not persuasive.

## CONCLUSION

For the foregoing reasons, the Court concludes that a national banking association is a citizen of both the state where it has its main office and the state of its principal place of business. Accordingly, as applied to this case, Wells Fargo is a citizen of California. Because complete diversity is lacking, the Court hereby **REMANDS** this action to state court.

In light of the foregoing, Defendants' motion to dismiss is **DENIED AS MOOT**.

The Clerk of Court is directed to remand the matter forthwith.

**IT IS SO ORDERED.**

Date: May __, 2012

Honorable Roger T. Benitez
United States District Judge